In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3101

United States of America,

Plaintiff-Appellee,

v.

David G. Huusko,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 98 CR 83--John C. Shabaz, Judge.

Argued December 7, 2001--Decided December 21, 2001

   Before Flaum, Chief Judge, and Manion and
Diane P. Wood, Circuit Judges.

   Flaum, Chief Judge.  David Huusko appeals
the district court's imposition of a two-
year sentence following revocation of his
supervised release. Because we do not
find this sentence plainly unreasonable,
we affirm.

I.  Background

   In 1994, David Huusko pleaded guilty to
two counts of bank robbery and was
sentenced to seventy-eight months'
imprisonment followed by a three-year
term of supervised release. General
Condition I of his supervised release
provided that Huusko would not commit any
other federal, state, or local crime. On
January 4, 2001, after having served 2
years of his probation, Huusko was found
guilty of armed robbery, being party to a
crime, and habitual criminality, and was
sentenced by the Eau Claire County
Circuit Court to 15 years' imprisonment.
Huusko is presently appealing that
conviction.
   Upon the recommendation of the probation
officer, the district court in the
Western District of Wisconsin held a
revocation hearing at which it considered
Huusko's sentence in light of his
noncompliance with General Condition I.

At the hearing, Huusko stipulated that he had been convicted in a state court; he did not stipulate that he was guilty of the underlying crimes, however. The court revoked Huusko's supervised release and imposed a 24-month term of imprisonment-- the statutory maximum under 18 U.S.C. sec.3583(e)(3)--to be served consecutively to his state sentence. The United States Sentencing Guidelines' recommended imprisonment range for a Grade A violation (which this was) coupled with a level II criminal history (which Huusko had) is 15-21 months. The court chose to impose the maximum sentence allowable "because of the violent nature of the violation. The sentence to be imposed by the Court will protect the community and promote personal and general deterrence."

II.  Discussion

   Huusko appeals not the revocation of his supervised release, which he concedes the court was required to do, but the sentence imposed. No mandatory sentencing guidelines exist for supervised release violations; therefore, we may reverse the sentence only if it is plainly unreasonable. United States v. Harvey, 232 F.3d 585, 587 (7th Cir. 2000) (citing United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995)).

   Huusko argues that the 24-month sentence imposed consecutively to his state sentence is plainly unreasonable because: (1) the court failed to consider the weakness of the state court charges and the possible success on appeal when determining the length of the sentence; (2) the court failed to give appropriate weight to the recommended sentencing guideline range when determining the length of the sentence; and (3) the court should have imposed a concurrent sentence because the conduct forming the basis for the revocation was the very conduct underlying the state-imposed sentence. We address each argument in turn.

   First Huusko contends that the district court failed to give any weight to the prospect that he had been wrongly convicted and would win his appeal. If that should happen, he argues, he would be improperly held in federal custody while he attempted to obtain counsel and file a habeas corpus petition. This

argument is unavailing. The district court was entitled to rely on Huusko's conviction as adequate proof of the violation of state law. United States v. Fleming, 9 F.3d 1253, 1254 (7th Cir. 1993). The pendency of an appeal in an underlying state conviction does not affect the court's decision as to the length of sentence following supervised release revocation.

Next Huusko argues that the district court did not give appropriate weight to the recommended guideline range. He correctly notes that, while the U.S.S.G. policy statement setting forth the range is merely advisory, sentencing courts are statutorily required to consider it. Under 18 U.S.C. sec.3583(e)(3), the sentencing court must consider: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need of the sen tence to deter future crime, protect the public, and provide the criminal with necessary services; (4) Sentencing Commission recommendations regarding sentence range; (5) Sentencing Commission policy; and (6) sentence consistency for like violations. Harvey, 232 F.3d at 588 (citing United States v. Hale, 107 F.3d 526, 530 (7th Cir. 1997)). In this case, the court noted the guideline range but chose to apply the maximum sentence after considering the factors as a whole, including: the violent nature of the crime, Huusko's criminal record, and protection of the community. Sentencing courts need not make findings as to each factor; it is sufficient "if the sentencing court made comments reflecting that the appropriate factors were considered." Hale, 107 F.3d at 530. Here, the court carefully considered and commented upon the sec.3583(e)(3) factors in coming to its decision. The sentencing guideline range is merely a recommendation; a judge's decision "not to follow [it] to the letter [is] not plainly unreasonable." Harvey, 232 F.3d at 588.

Lastly Huusko contends that the sentence imposed by the district court is plainly unreasonable because it is consecutive to the sentence he is serving on the state charges. He argues that where the conduct forming the basis for the revocation is the same as that underlying the current sentence, a concurrent sentence is the

only reasonable option. This Circuit's precedent and the policy promulgated by the Sentencing Commission state otherwise. While this Court has held that when the conduct underlying the revocation and the current sentence is the same, a concurrent sentence would be reasonable, United States v. Hill, 48 F.3d 228 (7th Cir. 1995), we have never held that imposing a consecutive sentence in that same case would be plainly unreasonable. In fact, we have held squarely the opposite. Harvey, 232 F.3d at 588-89. Moreover, section 7B1.3(f) of the Sentencing Guidelines recommends that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S. Sentencing Guidelines Manual sec.7B1.3(f) (2001) (emphasis added). The violation of a condition of supervised release is a breach of trust--and while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily this breach of trust that is sanctioned. U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. Therefore, it is not unreasonable for this sanction to be con secutive to any sentence imposed for the underlying conduct.

III.  Conclusion

   For the reasons stated herein, we AFFIRM the decision of the district court.