**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lucas R. BENJAMIN, Defendant–Appellant.**

**No. 01–4172.**

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 2002.

Decided March 19, 2002.

Before WOOD, Jr., ROVNER, EVANS, Circuit Judges.

**ORDER**

While on probation following a two-count conviction under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.,* Lucas Benjamin twice committed offenses that resulted in state convictions. Benjamin's probation officer then petitioned to revoke his probation, and after a revocation hearing, the district court sentenced him to eight months' imprisonment. Benjamin's counsel filed a notice of appeal, but because he could not discern a non-frivolous issue for appeal he now moves to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Benjamin was notified of his counsel's motion, *see* Cir. R. 51(b), but did not respond. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues discussed in that submission. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel identifies are frivolous, we grant his motion to withdraw and dismiss the appeal.

Counsel first discusses whether Benjamin could argue on appeal that he did not commit the underlying state of-

fenses. During his revocation hearing, Benjamin admitted to committing, and pleading guilty to, the two state offenses: aggravated assault in April 2000 and battery in June 2001. Before accepting Benjamin's stipulation, the district court engaged in a colloquy with Benjamin similar to one required for a defendant pleading guilty, *see* Fed.R.Crim.P. 11(c), in order to ensure that Benjamin understood the rights he was giving up and that he was voluntarily stipulating to the state court convictions. Benjamin asserted that he understood and admitted to the convictions and underlying conduct. *Cf. United States v. Standiford,* 148 F.3d 864, 868 (7th Cir. 1998) (defendant's statements at plea colloquy presumed truthful). Given these circumstances, we agree that an appeal on this issue would be frivolous.

Counsel next discusses whether Benjamin could argue that it was improper for the district court to use his state convictions to revoke probation because the state has already punished him for those convictions. We have rejected this argument, explaining that revocation is based on a breach of trust and that this sanction may be imposed "consecutive to any sentence imposed for the underlying conduct." *United States v. Huusko,* 275 F.3d 600, 603 (7th Cir.2001); *see also* U.S.S.G. § 7B1.3(f); *United States v. Harvey,* 232 F.3d 585, 588–89 (7th Cir.2000). Therefore, we agree that an appeal on this issue would be frivolous.

Counsel next discusses whether Benjamin could challenge the eight-month sentence imposed. Because Benjamin had a criminal-history category of I and a grade C violation level, his suggested term of imprisonment under the guidelines was three to nine months. *See* U.S.S.G. § 7B1.4(a). Given that § 7B1.4 is a policy statement and not a formal guideline, we will reverse sentences imposed following revocation only if they are "plainly unreasonable." *Huusko,* 275 F.3d at 602. Because the district court sentenced Benjamin within the suggested range and specifically noted the violent nature of his state convictions, the sentence was not plainly unreasonable, *see id.* at 603, and a challenge to the sentence would be frivolous.

Finally, counsel discusses whether Benjamin could appeal based on alleged bias by his probation officer. Benjamin admitted committing the state offenses alleged in the probation officer's report, and based on those convictions the district court revoked Benjamin's probation. The probation officer recommended a sentence of twelve months, but the district court elected to impose a sentence within the three-to nine-month range. Moreover, the record does not indicate any bias by the probation officer. Therefore, we agree with counsel that an appeal on this issue would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.