UNITED STATES of America,
Plaintiff–Appellee,

v.

Terrence EGERSON, Defendant–
Appellant.

No. 01–2789.

United States Court of Appeals,
Seventh Circuit.

Submitted June 26, 2002.

Decided June 26, 2002.

Before BAUER, RIPPLE, MANION,
Circuit Judges.

## ORDER

In 1995 Terrence Egerson pleaded guilty to one count of using an unauthorized access device, *see* 18 U.S.C. § 1029(a)(2), and was sentenced to 25 months' imprisonment, five years of supervised release, and ordered to pay $16,875.67 in restitution and a $50 special assessment. After finding that Mr. Egerson committed numerous violations of his supervised-release conditions, the district court revoked Mr. Egerson's supervised release and sentenced him to 23 months' imprisonment and 36 months' supervised release. Mr. Egerson's counsel filed a notice of appeal, but because he could not discern a non-frivolous issue for appeal he now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr

Egerson was notified of his counsel's motion, *see* Cir. R. 51(b), but did not respond. Counsel's supporting *Anders* brief is facially adequate, so we confine review to the potential issues discussed in that submission. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel identifies are frivolous, we grant his motion to withdraw and dismiss the appeal.

In April 2000 Mr. Egerson's probation officer filed a petition to revoke Mr. Egerson's supervised release, alleging that he had violated his supervised-release conditions by (1) failing to make restitution payments; (2) opening a new line of credit without permission; (3) failing to make child support payments; (4) driving after his driver's license had been revoked; (5) failing to provide the probation officer with access to his financial information; (6) being arrested for domestic violence; (7) cashing a fraudulent check; (8) associating with known felons; (9) failing to provide required reports about his finances; and (10) lying to the probation officer. The district court held a revocation hearing and found that Mr. Egerson violated several conditions of supervised release. Rather than revoking supervised release, however, the district court reinstated the previous conditions and extended the supervised-release period by one year, six months of which was to be served on electronic monitoring. The court also ordered Mr. Egerson to provide his probation officer with his recent tax returns and to perform 150 hours of community service.

In May 2001 the probation officer filed another petition to revoke Mr. Egerson's supervised release. In this petition he alleged that Mr. Egerson violated the conditions of supervised release by (1) opening a new line of credit without permission from his probation officer; (2) failing to make child-support payments; (3) failing

to perform his required amount of community service; (4) violating the rules of his electronic monitoring; (5) failing to submit his tax returns to the probation officer; (6) committing fraud by filing for unemployment payments while he was self-employed; (7) failing to notify his probation officer that he was receiving unemployment payments; and (8) committing felony theft in August 2000, for which he had been arrested and had a state charge pending. In June the district court held another revocation hearing, found that Mr. Egerson committed seven of the eight violations alleged in the petition—all except the fraud allegation, and revoked Mr. Egerson's supervised release.

Counsel first considers whether Mr. Egerson could argue on appeal that sufficient evidence did not support the district court's conclusion that he violated the conditions of supervised release. Facts underlying a decision to revoke supervised release need be proven only by a preponderance of the evidence, and the district court's findings are reviewed for clear error. *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001). Having reviewed the transcript from the sentence revocation hearing, we agree with counsel that sufficient evidence exists to support the district court's findings. First, Mr. Egerson conceded that he violated three of the conditions: opening a new line of credit without permission, failing to make all of his child-support payments, and failing to perform the required amount of community service. Moreover, the probation officer testified that Mr. Egerson violated three other conditions: he failed to provide the probation officer with his tax returns, violated the conditions of his electronic monitoring on at least 55 occasions, and failed to notify the probation officer that he was receiving unemployment benefits. Therefore, the district court had sufficient

evidence to conclude that Mr. Egerson committed these six violations.

Finally, evidence was presented that Mr. Egerson committed felony theft in August 2000. At the revocation hearing, one of the arresting officers testified that Mr. Egerson had followed a man home from a casino and robbed the man of $5300 of his winnings. The officer also testified that the victim identified Mr. Egerson in a photographic array as the perpetrator and as being present at the casino, and that further corroborating evidence included security videotapes from both the casino and the parking garage where the theft occurred. *See United States v. Pratt*, 52 F.3d 671, 676–77 (7th Cir.1995) (hearsay evidence permissible at revocation hearing). This evidence supports a finding that Mr. Egerson committed theft. Given the evidence supporting all of the district court's findings, an appeal arguing that the district court did not have sufficient evidence to conclude that Mr. Egerson violated the conditions of his supervised release would be frivolous.

Counsel next discusses whether Mr. Egerson could challenge the 23–month sentence imposed. Because Mr. Egerson had a criminal-history of VI and a grade B violation level (based on the theft), his suggested term of imprisonment under the guidelines was 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). In sentencing Mr. Egerson to a term of 23 months, the district court noted correctly that the statutory maximum was 24 months. *See* 18 U.S.C. § 3583(e)(3). We reverse sentences imposed following revocation only if they are "plainly unreasonable." *United States v. Huusko*, 275 F.3d 600, 602 (7th Cir.2001). Because the district court sentenced Mr. Egerson within the applicable range and specifically noted Mr. Egerson's numerous violations, the sentence was not plainly unreasonable, *see id.* at 603, and a

challenge to it would therefore be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.