**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian K. JONES, Defendant–Appellant.**

No. 01–3027.

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 2002.

Decided July 3, 2002.

Before COFFEY, RIPPLE, and
KANNE, Circuit Judges.

ORDER

Brian Jones appeals the district court's revocation of his supervised release and its imposition of 60 additional months' imprisonment. Mr. Jones argues that imprisonment for such a lengthy period is unreasonable; he notes that the United States Sentencing Guidelines recommends a 3–9 month sentence. For the reasons set forth in this order, we must affirm the judgment of the district court.

In 1992, Mr. Jones pleaded guilty to one count of a 22–count indictment charging conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. He was granted a downward departure based upon his cooperation with the government, resulting in a sentence of 94 months' imprisonment. This sentence was one-half the low end of the applicable guideline range. In January 2000, Mr.

Jones began his 5–year term of supervised release. After the probation office found that he had violated the conditions of his supervised release, the district court issued a rule to show cause why his supervised release should not be revoked. After a hearing, the court concluded that Mr. Jones had in fact violated the terms of his release. Although the policy statement contained in the sentencing guidelines recommends a sentence range of 3–9 months' imprisonment, see U.S.S.G. § 7B1.4(a), the court imposed 60 months' incarceration.

A district court has substantial discretion in imposing a sentence of incarceration upon revocation of supervised release. Indeed, we shall reverse such a sentence only if it is "plainly unreasonable" under the circumstances. 18 U.S.C. § 3742(a)(4); *United States v. Huusko,* 275 F.3d 600, 602 (7th Cir.2001). In this case, the district court had the statutory authority to sentence Mr. Jones to a period of incarceration up to 60 months. *See* 18 U.S.C. § 3583(e)(3). The policy statement contained in the sentencing guidelines, which recommend a 3–9 month period of incarceration, is merely "advisory," *see United States of America v. Hale,* 107 F.3d 526, 529 (7th Cir.1997), and this recommendation is only one of a number of factors a district court should consider when imposing a sentence of revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). In *United States v. Huusko,* 275 F.3d 600, 603 (7th Cir.2001), we noted that, under 18 U.S.C. § 3583(e)(3), the sentencing court must consider:

(1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need of the sentence to deter future crime, protect the public, and provide the criminal with necessary services; (4) Sentencing Commission recommendations regarding sentence range; (5) Sentencing Commis-

sion policy; and (6) sentence consistency for like violations.

Here, the district court correctly examined each of the factors and found that Mr. Jones' violations of supervised release demonstrated that he is "unsupervisable" and that supervised release would only "further burden the Probation Office and the Court." R.23 at 10–12. Mr. Jones had admitted previously to the court that he had violated the conditions of his supervised release by failing to medicate, failing to attend counseling sessions, refusing to submit urine samples and testing positive for opiates. The district court discussed Mr. Jones' attendance at probation meetings and at drug treatment and counseling sessions since his release from prison. The court further questioned his ability to be rehabilitated based upon his failures to provide specimens for drug testing and his positive tests for opiates. Moreover, the court properly considered the seriousness of Mr. Jones' crime, which involved the distribution of 10 to 30 kilograms of heroin. Lastly, the court noted that Mr. Jones' sentence was relatively brief, as compared to the sentences of his co-defendants.

We also note that the district court had extensive contact with the defendant and, after the hearing, deferred decision for 60 days to ascertain with more certainty the appropriate course of action. As an appellate court, bound by the record before us, we cannot say that Mr. Jones' sentence of 60 months' imprisonment is plainly unreasonable.

AFFIRMED