**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony PRATT, Defendant–Appellant.**

No. 01–2972.

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided Aug. 20, 2002.

Before BAUER, KANNE, EVANS, Circuit Judges.

## ORDER

Anthony Pratt pleaded guilty to three counts of bank fraud, 18 U.S.C. § 1344(1). After serving his prison sentences, Pratt violated the terms of his supervised release by testing positive for cocaine and marijuana, failing to make monthly restitution payments, failing to report his last day of work to his probation officer, and committing new check forging crimes that resulted in a 15–year term of incarceration in the state of Wisconsin. The district court concluded that Pratt's violations placed him in a "Grade B" category under the sentencing guidelines, *see* U.S.S.G. § 7B1.1, which, along with a criminal history category of VI, resulted in a range of 21–27 months' incarceration. *See* U.S.S.G. § 7B1.4. Recognizing that such a range was a policy statement only and not a binding guideline, the district court revoked Pratt's supervised release and resentenced him to three concurrent terms of 36 months' incarceration—the maximum prison term authorized by 18 U.S.C. § 3583(e)(3) when the underlying offense of conviction was a Class B felony. The court then ordered Pratt's sentences to be served consecutive to his incarceration for his Wisconsin offenses.

Pratt filed a notice of appeal, but his counsel has moved to withdraw because he could not find any nonfrivolous issues for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pratt responded to counsel's motion, *see* Cir. R. 51(b), and we confine our review of the record to the potential issues identified in counsel's facially-adequate brief and Pratt's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). After reviewing those potential issues, we conclude that an appeal based on them would be frivolous. Thus, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether the district court had the power to sentence Pratt beyond the 21–27 month imprisonment range listed in § 7B1.4. We agree with counsel that such an argument would be frivolous because the imprisonment ranges listed in § 7B1.4 are merely policy statements and are not binding guidelines. *See United States v. Huusko,* 275 F.3d 600, 602–03 (7th Cir.2001); *United States v. Harvey,* 232 F.3d 585, 588 (7th Cir. 2000), *cert. denied,* 532 U.S. 936, 121 S.Ct. 1389, 149 L.Ed.2d 313 (2001); *United States v. Hill,* 48 F.3d 228, 231 (7th Cir. 1995). We would thus reverse Pratt's sentences only if they are plainly unreasonable. *See Huusko,* 275 F.3d at 602.

When imposing a sentence for violating the terms of supervised release, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the characteristics and the history of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to provide adequate deterrence and to protect the public from future crimes by the defendant; and (5) the kinds of sentences and the sentencing range available based on the defendant's conduct. *See* 18 U.S.C. §§ 3583(e), 3553(a); *United States v. McClanahan,* 136 F.3d 1146, 1151 (7th Cir.1998). The district court, however, need not make specific findings regarding each of the factors as long as the court's comments indicate that it considered the appropriate factors. *McClanahan,* 136 F.3d at 1151. The district court's com-

ments here adequately address the relevant factors. First, the court noted the nature of Pratt's numerous violations of supervised release as well as his criminal history. The court also repeatedly recognized Pratt's "absolute disrespect for the law." Moreover, the court acknowledged the need for deterrence because Pratt had not made "any attempt whatsoever to comport [his] conduct to the requirements of the law." Finally, the district court considered the 21–27 month imprisonment range listed in § 7B1.4, *see* 18 U.S.C. § 3583(a)(3); *Huusko*, 275 F.3d at 603, but nevertheless imposed the statutory maximum sentence because the recommended range did not "adequately address" all of Pratt's supervised release violations. Because the district court appropriately considered the relevant factors, its decision to sentence Pratt to the statutory maximum was not plainly unreasonable, *see Harvey*, 232 F.3d at 587–88; *McClanahan*, 136 F.3d at 1151–52, and an appeal on this ground would be frivolous.

■ Counsel also considers whether the district court had the authority to run Pratt's sentences consecutive to his 15-year Wisconsin sentence. Counsel is correct that this argument would be frivolous because § 7B1.3(f) of the sentencing guidelines recommends that imprisonment based on the revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not th[at] sentence ... resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f). Thus, the imposition of sentences to run consecutively to Pratt's Wisconsin sentence was not plainly unreasonable, *see Huusko*, 275 F.3d at 603; *Harvey*, 232 F.3d at 588–89, and an appeal on this basis would be frivolous.

Pratt suggests several other grounds for appeal in his Rule 51(b) response. He first contends that the district court erred by sentencing him beyond the imprisonment range suggested by the sentencing guidelines. But as discussed above, the imprisonment range listed in guideline § 7B1.4 was not binding on the district court, and the court properly considered the factors in § 3553(a) when imposing the maximum sentence of 36 months' imprisonment. Pratt also argues that the district court should have ordered the Bureau of Prisons to award "jail credit" for the ninety days he spent in a halfway house as part of his original sentences for bank fraud and for the time spent in a county jail from August 1995 to January 1996, presumably while he awaited trial for the bank fraud offenses. *See* 18 U.S.C. § 3585(b). Such a claim would be frivolous because we would lack jurisdiction to review it. "[I]t is the Attorney General, and not the sentencing court, that computes the credit under § 3585(b)," *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir.1995), and Pratt has not exhausted his administrative remedies by first seeking administrative review of the computation of his credits, *see United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *McGee*, 60 F.3d at 1272.

■ Finally, Pratt attacks the validity of his plea agreement for the underlying bank fraud offenses. He contends that the agreement is invalid under Federal Rule of Criminal Procedure 11(e)(1)(C) because two aspects of his sentence were not included in his plea agreement: (1) ninety days in a halfway house, and (2) subsistence payments for his residence at the halfway house. That argument would be frivolous because a supervised release revocation proceeding is not the proper avenue to challenge the validity of the original conviction. *See United States v. Thomas*, 934 F.2d 840, 846 (7th Cir.1991); *United*

*States v. Wright,* 2 F.3d 175, 180 (6th Cir.1993); *United States v. Gerace,* 997 F.2d 1293, 1295 (9th Cir.1993); *see also United States v. Hofierka,* 83 F.3d 357, 363 (11th Cir.1996) ("[A] supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation."). Thus, an appeal based on the validity of Pratt's plea agreement would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.