**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Kathryn D. MANSCHOT, Defendant–Appellant.**

No. 04–2049.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 28, 2004.

Decided Oct. 5, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

Christopher M. Bailey, Milwaukee, WI, for Defendant-Appellant.

Before Hon. RICHARD A. POSNER, Hon. ILANA DIAMOND ROVNER, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

In March 1995 Kathryn Manschot was convicted of two counts of bank fraud, *see* 18 U.S.C. § 1344(1), and sentenced to two concurrent 18-month terms of imprisonment and two concurrent five-year terms of supervised release. Because she was incarcerated for state matters, Manschot did not begin serving her release until 2000, and she was still serving it in July 2003 when her probation officer petitioned to revoke it, alleging that she had violated the conditions of her supervised release by failing to comply with her drug testing and drug treatment program several times, failing to pay restitution, opening new lines of credit without approval from her probation officer, failing to provide financial documents to her probation officer, failing to report to her probation officer on several occasions, testing positive for cocaine and marijuana use, incurring a conviction for driving while intoxicated, failing to report that she had been arrested, and having contact with a felon. Manschot waived her right to a hearing and opted not to contest the charges, and the district court thus found that she had committed all of the violations. Based on Manschot's violations and criminal history category, the United States Sentencing Guidelines recommended a sentence of 7 to 13 months of incarceration. The district court instead sentenced her to 15 months of imprisonment and also ordered her to pay the balance of restitution, which the revocation hearing report prepared by Manschot's probation officer listed as $1760.03. Manschot filed a notice of appeal, but her

appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a nonfrivolous issue for appeal. Manschot responded to counsel's motion under Circuit Rule 51(b). We limit our review of the record to the potential issues identified in counsel's facially adequate brief and Manschot's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we agree with counsel that an appeal based on the potential issues she identifies would be frivolous, we grant the motion to withdraw and dismiss the appeal.

■ Manschot's counsel first considers challenging the district court's decision to revoke Manschot's release after Manschot waived her right under Federal Rule of Criminal Procedure 32.1 to contest the charges and acknowledged her violations in a letter that her counsel read to the court. Counsel asserts and we agree that any challenge to Manshot's waiver of the hearing would be frivolous because Manschot has not expressed an interest in challenging the validity of her waiver and neither she nor counsel has suggested any reason to doubt the validity of her waiver.

■ Next counsel considers arguing that the district court erred in imposing a sentence above the recommend guideline range of 7 to 13 months. The district court is not bound by the advisory ranges supplied by the guidelines for violations of supervised release, *see* U.S.S.G. Ch. 7 Pt. A(1); *United States v. Salinas,* 365 F.3d 582, 588 (7th Cir.2004), and in deciding to give Manschot a 15–month sentence, the court noted that her 14 violations warranted a longer term that what the guidelines suggested for a single violation. We would overturn that decision only if it were "plainly unreasonable," *United States v. Huusko,* 275 F.3d 600, 602 (7th Cir.2001),

and we agree with counsel that it would be frivolous to raise such an argument.

■ In her response to counsel's brief, Manschot suggests that the district court erred in calculating the restitution she owed. The district court determined that she still owed $1760.03, and Manschot says now that she owed only $1552.23. But the larger amount was provided by the probation officer in the revocation hearing report, and when asked at the hearing if she objected to any of the facts in the report, Manshot did not dispute the restitution amount. She also remained silent when the court explicitly verified with the probation officer that $1760.03 was still owing and when her counsel said "my client is agreeable to entering into a payment plan for the remaining $1760 of restitution." It would be frivolous to argue that Manschot has not waived a challenge to the restitution amount. *See United States v. Parker,* 368 F.3d 963, 969–70 (7th Cir.2004).

■ Manschot also considers arguing that her supervision really began to run in 1996 rather than in 2000 as the probation officer stated in the revocation hearing report. She does not explain what argument she would make or what evidence in the record she would cite to support her claim; we presume that she is considering arguing that she had already completed her term of supervised release by the time her probation officer moved for revocation. But Manschot waived her right to have a hearing and argue either that she was not on supervised release or had not violated it. Furthermore, the revocation hearing report that Manschot opted not to challenge details that her term of supervision commenced in 2000 and was scheduled to be completed in 2005. Given that Manschot's federal prison terms were made to run concurrently with other previously imposed state terms, and given that Manschot acknowledges that she has been in

and out of jail on state matters, it would be frivolous for her to contend on the present record that she preserved a challenge to the district court's conclusion that she began her supervised release in 2000 and was still under supervision when she committed the violations. *See id.; see also* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.").

Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.