UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard W. COTTON, Defendant–
Appellant.

No. 03–3494.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 2, 2004.

Decided Nov. 4, 2004.

Thomas M. Daly, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

William D. Stiehl, Jr., Wimmer & Stiehl, Belleville, IL, for Defendant–Appellant.

Richard W. Cotton, #05446–025, Yazoo City, MS, pro se.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

While serving a two-year term of supervised release for conspiracy to distribute marijuana, 21 U.S.C. §§ 846 and 841(a)(1), Richard Cotton pleaded guilty to a state charge of domestic battery, 720 ILCS 5/12–3.2(a)(2). Based on this conviction, the district court revoked Cotton's supervised release and imposed a 24–month term of imprisonment. Cotton filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cotton was notified that he could respond to the *Anders* brief, but he did not do so. Because counsel's brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667–68 (7th Cir.2001).

According to his wife, Cotton came home drunk the night of May 21, 2003, woke her up, and beat her. The weapon was a cane that could be disassembled to reveal an 18–inch blade, though the blade remained sheathed throughout the attack. Cotton's wife also alleged that her husband threw several kitchen knives at her before she was able to get out of the house through the back door. Cotton was arrested later that night and charged with domestic battery. He eventually pleaded guilty and was sentenced to the 84 days he had already spent in jail.

At his revocation hearing, Cotton denied that he had attacked his wife, insisting that he pleaded guilty only to expedite his release from jail. The district judge disbelieved Cotton's testimony and revoked his supervised release. In determining the appropriate punishment, the judge considered whether the attack was a simple domestic battery (a Grade C violation) or an aggravated battery (a Grade A violation) because the cane-knife and the kitchen knives were deadly weapons. *See* U.S.S.G.

§ 7B1.1(a) (distinguishing grades of violation); 720 ILCS 5/12–4(b)(1) (defining aggravated battery). The difference was between imprisonment ranges of 3 to 9 months and 12 to 18 months respectively. *See* U.S.S.G. § 7B1.4(a). Ultimately, however, the judge decided to disregard even the higher range, noting that for revocation proceedings the guidelines comprise only non-binding policy statements. *See United States v. Salinas*, 365 F.3d 582, 588 (7th Cir.2004). The judge found that Cotton was "extraordinarily dangerous" and needed "the deterrent effect [of] a lengthy prison term," and thus that the appropriate term was the maximum available under 18 U.S.C. § 3583(e)(3), or 24 months.

■ In his *Anders* brief, counsel considers whether Cotton could argue that there was insufficient evidence that he violated a condition of his supervised release by committing battery. A decision to revoke supervised release need only be supported by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001). The evidence against Cotton included a copy of the state judgment, his wife's statement to the police that he threw kitchen knives at her and beat her with a cane, and photographs of the cane and of his wife's bruised back. Given that a judgment alone is enough to support revocation, *see United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir.2001), this argument would be patently frivolous.

■ Counsel next asks whether Cotton could argue that the revocation was nevertheless improper. The decision to revoke supervised release is within the court's discretion, and is reviewed for abuse of discretion. *United States v. Hopson*, 39 F.3d 795, 801 (7th Cir.1994). Under the guidelines a court "shall revoke" supervised release upon a finding of a Grade A violation, U.S.S.G. § 7B1.3(a)(1), and "may

revoke" it for a Grade C violation, U.S.S.G. § 7B1.3(a)(2). The district judge did not determine whether the attack was a Grade A or a Grade C violation, but he made it clear that his decision did not depend on that distinction. Revocation was consistent with the guidelines provision for either a Grade A or a Grade C violation, and it would thus be frivolous to argue that the court abused its discretion.

■ Finally, counsel considers whether Cotton could argue that his period of reimprisonment following revocation—24 months—was inappropriate. The district judge acknowledged that 24 months is outside the range suggested by U.S.S.G. § 7B1.4(a) for either a Grade A or a Grade C violation, but he decided that a longer term was warranted because of Cotton's dangerousness and his need for additional deterrence—relevant factors under § 3583(e). The judge therefore considered the recommended imprisonment ranges, as he was required to do, see *Salinas*, 365 F.3d at 588–89, but also correctly observed that those ranges are non-binding, see *id.*, and that he was free to impose a term up to the statutory maximum of 24 months. Given that we will reverse the district court's choice only if it is plainly unreasonable, see *id.*, we agree that any challenge here would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.