**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2007
Decided December 7, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 06-4084 & 06-4086

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | Nos. 98 CR 25-1 & 06 CR 127-1 |
| ARTURO VILLASENOR, *Defendant-Appellant.* | George W. Lindberg, *Judge.* |

**O R D E R**

Arturo Villasenor, an undocumented alien, pleaded guilty to one count of reentering the United States illegally, in violation of 8 U.S.C. § 1326(a), (b)(1). In his written plea agreement, he also admitted that his illegal reentry violated the terms of his supervised release, which was part of a sentence for a prior conviction of illegal reentry. The district court ordered him to serve consecutive prison terms—a 16-month sentence for the illegal reentry and a 14-month sentence for the violation of his supervised release. Villasenor challenges these sentences, arguing that the district court was required to order concurrent prison terms. We affirm.

Villasenor, a citizen of Mexico, has a history of bouncing between Mexico and the United States. In 1993, he was convicted of selling false identification documents. After serving some time for that, he was removed from the United

States in July 1996, but he returned before December 1997. In 1998, he was charged with illegal reentry after deportation. Soon thereafter, however, he became seriously ill and underwent heart surgery. As a result, he did not enter a guilty plea until June 2002. He was sentenced to 24 months' imprisonment to be followed by 3 years' supervised release. In September 2004, after his release from prison, he was removed again to Mexico, and again he returned to the United States, this time within a matter of days.

The authorities caught up with him in January 2006, when Villasenor was arrested pursuant to a bench warrant for violating the terms of his supervised release. At that point, the government pursued two alternatives: first, it moved for a rule to show cause why Villasenor's supervised release on his 2002 conviction should not be revoked; and second, it indicted him on a new count of reentering the United States after being removed, in violation of 8 U.S.C. § 1326(a), (b)(1). Villasenor pleaded guilty to the latter offense. In the written plea agreement, Villasenor stipulated that his illegal reentry also violated the terms of his 2002 supervised release. Villasenor and the government agreed to the applicable guidelines range for the charged offense and the supervised-release violation, but they disagreed over how the sentences should be structured. The government took the position that the prison terms should run consecutively pursuant to U.S.S.G. § 7B1.3(f), whereas Villasenor argued that the sentences should run concurrently. Villasenor acknowledged the relevant statutes capped his sentence at 12 years' imprisonment—two years for his supervised-release violation and 10 years for his illegal-reentry offense.

The district court sentenced Villasenor to consecutive prison terms of 16 months for illegal reentry and 14 months for the supervised-release violation; both sentences were within their respective guidelines ranges. In determining the appropriate sentence, the court took into account the factors set forth in 18 U.S.C. § 3553(a) and stressed in particular Villasenor's need for medical care on the one hand, and his recidivism on the other.

Villasenor raises two related arguments on appeal. First, he argues that the district court erred by ordering consecutive sentences because, he claims, the supervised-release violation involved the same conduct as the underlying offense and because U.S.S.G. § 5G1.3(b) provides that sentences for offenses that involve relevant conduct should run concurrently. Second, he argues that imposing a consecutive sentence for relevant conduct violates his right to be put in jeopardy only once for each offense. Both of these arguments lack merit.

Although there had been some dispute about whether, after *United States v. Booker*, 543 U.S. 220 (2005), we would review a sentence imposed after revocation of supervised release under a "reasonable" or "plainly unreasonable" standard, see

*United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007) (reserving the question), we recently determined that the "plainly unreasonable" standard continues to apply.  See *United States v. Kizeart*, No. 07-1397, 2007 WL 2938374, at *2 (7th Cir. Oct. 10, 2007). This standard is one of the narrowest known, similar to that which applies to sanctions imposed by prison disciplinary boards requiring the support of only "some" evidence to be upheld. *Id.* at *3 (collecting cases).

Villasenor contends that his sentence for the supervised-release violation should run concurrently with his sentence for the underlying offense because they were based on the same relevant conduct—his illegal reentry into the United States. But we have already rejected this argument and have held that it is not plainly unreasonable for a district court to impose consecutive sentences. See *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001); *United States v. Harvey*, 232 F.3d 585, 588-89 (7th Cir. 2000). Indeed, the sentencing guidelines recommend that the district court order such sentences to run consecutively "whether or not th[at] sentence . . . resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f). The guidelines commentary further specifies that "any sentence of imprisonment for a criminal offense that is imposed after revocation of . . . supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3 cmt. n.4.

Villasenor cites U.S.S.G. § 5G1.3(b) as support for his argument that sentences addressing the same relevant conduct should run concurrently. But he ignores the guidelines' commentary, which explicitly provides that U.S.S.G. § 5G1.3(c)—not  § 5G1.3(b)—applies when a defendant commits an offense while on supervised release. The commentary to § 5G1.3(c) is explicit that sentences may run consecutively. See U.S.S.G. § 5G1.3 cmt. n.3(C). The commentary also cross-references U.S.S.G. § 7B1.3(f) and Application Note 4, and recommends "that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." *Id.* Moreover, in a case factually indistinguishable from this one, the Tenth Circuit rejected the argument that Villasenor advances here and upheld the defendant's consecutive sentences. See *United States v. Contreras-Martinez*, 409 F.3d 1236, 1239-1241 (10th Cir. 2005).

Villasenor's argument that his sentences violate the Double Jeopardy Clause fares no better. Because he did not raise this argument in the district court, we review it for plain error only. See *United States v. Wyatt*, 102 F.3d 241, 244 (7th Cir. 1996). There has been no error here—let alone a plain one—because we have already rejected Villasenor's argument. See *id.* at 244-45. Supervised release is part of a defendant's original sentence; when a defendant violates the terms of supervised release, it is the defendant's breach of trust in failing to abide by those terms that is sanctioned. See *id.* at 245; see also *Huusko*, 275 F.3d at 603. A revocation of supervised release only modifies the terms of the original sentence; it

is not punishment for the conduct that triggered the revocation. See *Wyatt*, 102 F.3d at 245. If a defendant is also sentenced for the underlying offense, this punishment does not run afoul of the Double Jeopardy Clause.  See *id.* Indeed, as the Supreme Court pointed out in *Missouri v. Hunter,* 459 U.S. 359 (1983), "[w]here . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id.* at 368-69.

Villasenor further contends that the district court should not have relied on the same factors to determine both sentences, but the same considerations—all specified in 18 U.S.C. § 3553(a)—are relevant to both sentences. He also faults the district court for failing to find specifically that he breached the public trust when he violated his supervised release, but we have never held that a sentencing court must make such an express finding in order to impose a sentence after a violation of supervised release.

Finally, in his reply brief Villasenor appears to argue that his supervised release was never revoked because the government never filed a petition to revoke it but instead sought the revocation in a Motion for Rule to Show Cause. Even if an argument that an appellant raises for the first time in the reply brief were not waived, which it is, see *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007), this argument is easily rejected. The district court plainly told Villasenor that it was revoking his supervised release, and the final judgment shows that Villasenor's supervised release indeed was revoked.

AFFIRMED.