NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2009
Decided February 5, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2712

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 2:02-cr-00127-RTR-1 |
| BENNIE HYCHE, *Defendant-Appellant.* | Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

Bennie Hyche pleaded guilty to transferring a gun to a felon, *see* 18 U.S.C. § 922(d)(1), and was sentenced to 33 months' imprisonment and 3 years' supervised release. He completed his prison sentence and began serving his term of supervised release in January 2005, but in December of that year Mr. Hyche was involved in the murder of a rival gang member. After Mr. Hyche pleaded guilty to reckless homicide in state court and was sentenced to 15 years' imprisonment, his federal probation officer petitioned the district court to revoke his supervised release. Mr. Hyche waived his right to contest the revocation, and in exchange the Government recommended that the term of reimprisonment run concurrently with his state sentence. The court revoked

Mr. Hyche's supervised release and ordered him reimprisoned for 24 months, the statutory maximum. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3). Declining the Government's recommendation, however, the court ordered the prison term to run consecutively with his state sentence.

Mr. Hyche filed a notice of appeal, but his appointed attorney cannot identify any nonfrivolous argument and has moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Hyche has declined our invitation to comment on counsel's submission, so our review is limited to the one potential issue considered in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel contemplates challenging the term of reimprisonment. We would uphold that term unless it is "plainly unreasonable," one of the narrowest standards of judicial review available. *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007). Before imposing a term of reimprisonment, a district court must consider the policy statements in the sentencing guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). In this case, the court acknowledged that Mr. Hyche's Grade A violation, *see* U.S.S.G. § 7B1.1(a)(1), combined with his criminal history category of VI, yielded a guidelines range of 33 to 41 months' reimprisonment. The court correctly noted, however, that by statute the term was capped at two years. The court then weighed the § 3553(a) factors, including the nature of the crime underlying the revocation, Mr. Hyche's history and characteristics, and the need for the penalty to reflect the seriousness of Mr. Hyche's new criminal conduct. Finally, although the court commented that the guidelines provision uses "the imperative shall" in its statement that any term of reimprisonment upon revocation be served consecutively and that this "dictates" a consecutive term, in light of the discussion as a whole, we are confident that the court understood--as it stated--that this provision is a recommendation only. *See* U.S.S.G. § 7B1.3(f); *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001). Thus, the court's consideration of the guidelines and statutory factors was adequate, and we agree with counsel that any challenge to Mr. Hyche's term of reimprisonment would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.