**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009
Decided March 19, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3490

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CR-123 |
| | |
| EUGENE WILLIAMS, | Lynn Adelman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Eugene Williams was sentenced to three years' probation after pleading guilty to using a telephone to facilitate drug trafficking. *See* 21 U.S.C. § 843(b). The district court had warned Williams—who faced a guidelines imprisonment range of twenty-four to thirty months—that he would end up back before the court unless he was "extra, extra good." Within two months of his sentencing, however, Williams had left his home without authorization at least eighteen times, had failed to submit daily logs or monthly reports to his probation officer, and had tried to change his residence without permission. Williams's probation officer then petitioned for revocation, and after a hearing the district court revoked the term and ordered Williams to serve twelve months' imprisonment. Williams appeals, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Williams

declined our invitation to respond to counsel's submission, *see* CIR. R. 51(b).  We confine our review to the potential issues outlined in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Williams admitted the alleged violations at his revocation hearing, and the only conceivable ground for appeal identified by counsel is whether twelve months is too much time.  The sentencing guidelines treat revocation of probation the same as revocation of supervised release.  *See* U.S.S.G. Ch. 7, Pt. A.  We will uphold a term of imprisonment imposed on revocation of supervision unless it is "plainly unreasonable," a very narrow standard.  *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007).  In selecting an appropriate prison term to follow revocation, the district court must consider the policy statements in the guidelines, see U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a).  *United States v. Neal*, 512 F.3d 427, 438 (7th Cir.2008).  In this case the court acknowledged that Williams's Grade C violation, see U.S.S.G. § 7B1.1(a)(3), combined with his criminal history category of VI, yielded a guidelines range of eight to fourteen months.  U.S.S.G. § 7B1.4(a).  The court then weighed the § 3553(a) factors, including the nature of the violations underlying the revocation, Williams's history and characteristics, and the need for the penalty to reflect the seriousness of his repeated disregard of probation requirements.  In particular, the court noted that Williams had breached its trust and failed to take advantage of the leniency extended at sentencing.  *See United States v. Huusko*, 275 F.3d 600, 603 (7th Cir.2001) (noting that revocation of supervision is primarily a sanction for breach of trust).  Thus, the court's consideration of the guidelines and statutory factors was adequate, and we agree with counsel that any challenge to Williams's term of imprisonment would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.