**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Courtof Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010
Decided January 21, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3199

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 01-CR-16 |
| WILLIE HOLLAND, JR., *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Willie Holland was sentenced to a total of 77 months' imprisonment and 3 years' supervised release after he pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Two months into his supervised release, Holland was arrested for possessing cocaine with intent to distribute and, after pleading guilty in state court, was sentenced to a year in prison. The district court then revoked his supervised release and ordered him to serve another 24 months' imprisonment. Holland appeals, but his appointed counsel has concluded that the case is frivolous and moves to withdraw. *See Anders v. California* , 386 U.S. 738, 744 (1967). Holland opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief and Holland's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At his revocation hearing Holland stipulated that he violated the conditions of his supervised release by committing the state drug crime, and the only conceivable ground for appeal identified by counsel is whether 24 months is too much time. We will uphold a term of reimprisonment imposed on revocation of supervised release unless it is "plainly unreasonable," a very narrow standard. *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007). In selecting an appropriate prison term to follow revocation, district courts must consider the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a). *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). In this case the court, by statute, could not imprison Holland for more than two years, *see* 18 U.S.C. §§ 3583(e)(3), 3559(a)(3), 922(g)(1), even though his Grade A violation and criminal history category of VI yielded a guidelines range of 33 to 41 months' reimprisonment, *see* U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a). In selecting 24 months the court weighed the § 3553(a) factors, including the nature of the underlying drug violation and the need to protect the public and promote respect for the law—especially in light of how quickly Holland had reoffended once released from prison. As counsel notes, it would be frivolous to contend that the court's evaluation of the statutes and guidelines factors was inadequate.

Counsel questions whether Holland could argue that his term of reimprisonment is unreasonable in light of his time already served in state custody. Before pleading guilty in state court, Holland already had spent almost 18 months in state custody, most of which was credited against his state sentence. He argued at the revocation hearing that the district court should imprison him for just 6 months to account for the time in state custody, but the court declined to award any reduction below the 24-month statutory maximum.

District courts are not required to shorten a term of reimprisonment to annul time served in state custody for misconduct underlying the revocation, *see* U.S.S.G. § 7B1.3(f); *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001); *United States v. Harvey*, 232 F.3d 585, 588-89 (7th Cir. 2000). In this case the court emphasized that it would have imposed a longer term of reimprisonment if the statutory maximum was higher. The court explained that Holland already had received a break from having a statutory maximum well below the bottom of the guidelines range. And the court correctly noted that postrevocation reimprisonment is part of the penalty for the original offense and separate from any punishment for an offense underlying revocation. *See United States v. Johnson*, 529 U.S. 694, 700-01 (2000). Any challenge to the length of Holland's term on this ground would be frivolous.

In his Rule 51(b) response, Holland questions whether he is entitled to credit under 18 U.S.C. § 3585(b) for the almost 6 months in state custody that was not applied to his state sentence. But it is the Bureau of Prisons, not the sentencing court, that computes the credit

due under § 3585(b).  *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).  A claim based on § 3585(b) would thus be frivolous in this appeal.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.