NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017
Decided January 12, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1486

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> BRIAN RAMON GEORGE, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:05CR100-001 <br><br> Jon E. DeGuilio, <br> *Judge*. |

**O R D E R**

Brian George was convicted in 2007 of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 57 months' imprisonment and two years' supervised release. He completed that initial prison term in July 2010, but twice the district court has sent George back to prison after he violated conditions of his supervised release. The first time, in 2011, the court reimprisoned George for 9 months to be followed by another year of supervised release. Then in October 2013—a week before the new term of supervised release would have expired—George was arrested by Indiana authorities for possessing and selling cocaine. His probation officer immediately petitioned for an order revoking George's supervised release, but that petition was held in abeyance until after

he was found guilty in state court. In March 2016 the district court revoked the term of supervised release and reimprisoned George for 24 months. He filed a notice of appeal but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of the revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). George did neither, so *Anders* does not govern our review of counsel's motion to withdraw, though we follow that decision's safeguards to ensure consideration of potential issues. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). George opposes counsel's motion to withdraw. *See* CIR. R. 51(b). Because counsel's brief appears to be thorough and addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses, along with the contentions in George's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether George could challenge the revocation, which principally rests on a finding that he violated his conditions of release by committing the state drug crimes. George admitted those crimes during the revocation proceeding, but in his Rule 51(b) response he asserts that his former counsel coerced him to admit the state charges. This contention is belied by George's colloquy with the district judge, who ensured that he understood the proceedings, the alleged violations, and the possible penalties. *See* FED. R. CRIM. P. 32.1; *United States v. LeBlanc*, 175 F.3d 511, 515–17 (7th Cir. 1999). Moreover, George had been found guilty of the state crimes after a bench trial, so his further acknowledgment of guilt in federal court was academic. *See United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir. 2001) (noting that a district court, in ruling on petition to revoke supervised release, may rely on a state conviction as sufficient proof that the defendant violated conditions of release by committing a new crime). And since the state crimes involved possession of a controlled substance, revocation was mandatory. 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Thus an appellate claim challenging the revocation would be frivolous.

Counsel next questions whether George could challenge the calculation of his reimprisonment range. The district court acknowledged that 24 months was the longest period of reimprisonment George could receive, *see* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3), even though the Chapter 7 policy statements called for a range of 24 to 30 months based

on George's criminal history category of IV and Grade A violations of his conditions of supervised release. *See* U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a). Appellate counsel cannot find any fault with the calculated range, nor can we.

Last, counsel rejects as frivolous a contention that the term of reimprisonment is plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007) (noting that additional imprisonment imposed for violating conditions of supervised release will be upheld unless plainly unreasonable). In evaluating the statutory factors, *see* 18 U.S.C. §§ 3583(e), 3553(a), the district court noted that George had an extensive criminal history and already had been reimprisoned for violating the conditions of his supervised release. The court acknowledged that George's new crimes had occurred shortly before his supervised release was set to expire, that he was remorseful, and that he had attended college classes and tried to obtain employment while on supervised release. The court also took into account that George faced up to 50 years' imprisonment on the state charges, but still the court concluded that a term of 24 months to run consecutively to the state sentence was necessary to deter George. We would not find this term to be plainly unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.