**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008
Decided October 2, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 07-3048 | |
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06-CR-343-01 |
| JAMES D. RAYFORD, | |
| *Defendant-Appellant.* | Suzanne B. Conlon, *Judge.* |

**O R D E R**

James Rayford pleaded guilty in 1999 to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), and conspiracy to do the same, *see id.* §§ 846, 841(a)(1). The district court sentenced him to 135 months' imprisonment but later reduced that term to 90 months in light of Rayford's substantial assistance. *See* FED. R. CRIM. P. 35(b). Rayford, though, violated the terms of his supervised release shortly after he was discharged from custody in 2006. His probation officer reported in January 2007 that Rayford had been arrested on separate occasions for domestic battery and assault. Rather than revoking Rayford's supervised release—as the probation officer recommended initially—the district court amended the conditions of Rayford's supervised release to include drug and alcohol

treatment, mental-health treatment, and a twelve-month stay at a Salvation Army halfway house. But Rayford did not last long at the halfway house; he racked up three unexcused absences in five weeks, refused to take a breathalyzer test, and was finally asked to leave the program. His probation officer recommended revocation a second time in May 2007, but before the court could hold another hearing, Rayford pleaded guilty to a slew of new state charges—domestic battery, assault, and criminal damage to property—and was sentenced to 120 days' imprisonment. At a revocation hearing in August 2007, the district court revoked Rayford's supervised release and imposed another 36 months' imprisonment.

Rayford appeals, but his attorney is at a loss for nonfrivolous arguments and has asked to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Rayford to comment on the pending motion. *See* Cir. R. 51(b). He did not respond. That leaves us with only the one potential issue posed in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel questions whether Rayford could argue that his term of reimprisonment is unreasonable but concludes that the contention would be frivolous. We agree. Our review of additional imprisonment imposed on revocation of supervised release asks whether the term is plainly unreasonable, a very narrow standard. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). A district court must consider the policy statements found in Chapter 7 of the guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a) before determining an appropriate period of reimprisonment. *See* 18 U.S.C. § 3583(e); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). In Rayford's case the court acknowledged that the revocation table recommended an imprisonment range of 5 to 11 months given Rayford's Grade C violations and his criminal history category of III. *See* U.S.S.G. § 7B1.4. Yet the court opted for a longer term—36 months—in light of Rayford's failure to "adjust[] at all to supervision." In reaching its decision, the court noted that Rayford had become "an extreme burden on the probation office" and had not modified his behavior despite numerous opportunities for mental-health treatment and anger-management counseling. That is ample consideration.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.