NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 22, 2008
Decided December 29, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1519

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 97-CR-30089-05-WDS |
| TERRELL M. BURCH *Defendant-Appellant*. | William D. Stiehl, *Judge*. |

## O R D E R

After Terrell Burch violated the conditions of his supervised release, the district court ordered that he be reimprisoned for 30 months.  Burch filed a notice of appeal, but his appointed attorney has moved to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Burch has accepted our invitation to comment on counsel's motion, *see* CIR. R. 51(b), and so we confine our review to the

potential issues identified in counsel's facially adequate brief and in Burch's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

This is the second time Burch's supervised release has been revoked. He was initially convicted in 1998 of conspiracy to distribute crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and sentenced to 156 months' imprisonment and 5 years' supervised release. The court later reduced the prison term to 104 months after Burch cooperated with the authorities, *see* FED. R. CRIM. P. 35(b), and in 2005 he was released from prison. Not long after, however, the probation officer petitioned to revoke his supervised release because Burch had committed battery, tested positive for controlled substances three times, resisted a police officer, failed to make payments toward his fine, refused treatment for substance abuse, failed to verify his employment, manipulated the results of a urinalysis, committed traffic offenses and tried unsuccessfully to flee from police, and failed to report his arrest to his probation officer. The district court, finding that Burch had violated the conditions of his supervised release, revoked the term and reimprisoned him for 18 months. The court also imposed a new term of 24 months' supervised release, with the first six months to be spent in a community corrections center.

Burch finished the prison term in 2007. Within months his probation officer had once again petitioned to revoke Burch's supervised release, this time alleging that he tested positive for morphine, was told to leave the community corrections center before he completed the requisite six months, and failed to report to his probation officer. At a revocation hearing in February 2008, Burch admitted all of these charges. The district court found that Burch had possessed the morphine he used, which made revocation and further imprisonment mandatory. *See* 18 U.S.C. § 3583(g). The court revoked Burch's supervised release and ordered him to serve another 30 months' imprisonment.

Counsel contemplates whether Burch could challenge the reasonableness of his term of reimprisonment. We will uphold a term of reimprisonment imposed upon revocation of supervised release unless it is "plainly unreasonable," a standard reflecting the "narrowest judicial review of judgments we know." *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). So long as the district court considered the applicable policy statements, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004), the court's choice of an appropriate period of reimprisonment will be sustained. In this case the court correctly found that Burch's Grade B violations, *see* U.S.S.G. § 7B1.1(a)(2), and his criminal history category of IV yielded a reimprisonment range of 12 to 18 months under the applicable policy statements, *see* U.S.S.G. § 7B1.4. The court, consulting the factors set out in § 3553(a) and acknowledging the sentencing range, imposed a term of reimprisonment above that range because of Burch's defiance of lesser sanctions and continued use of drugs. *Cf. Salinas*, 365 F.3d at 589 (finding 24 month term of

reimprisonment, 15 months higher than sentencing range, not plainly unreasonable).  Any contention that the term is plainly unreasonable would be frivolous.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.