NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 18, 2009
Decided March 19, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1544

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal  from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 99-cr-010-bbc |
| RICHARD A. LOKEN,<br>*Defendant-Appellant.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

In 1999 Richard Loken pleaded guilty to bank fraud, *see* 18 U.S.C. § 1344(2), and was sentenced to 33 months' imprisonment and five years' supervised release, and ordered to pay more than $1.4 million in restitution in monthly installments of $500.  Loken failed to make the full monthly payments, and the district court revoked his supervised release in 2004.  It sentenced him to one day of imprisonment followed by four years' supervised release and added a condition of supervised release that Loken receive approval before incurring any debt above $200.  At another revocation hearing in 2007, Loken admitted violating that condition when he failed to obtain approval from his probation officer to secure financing to buy a new Chevrolet Trailblazer and a new Chevrolet Impala.  The court

revoked his supervised release, sentenced him to nine months in prison followed by four more years of supervised release, and increased his monthly restitution payment to $1000. Loken filed a notice of appeal, but his appointed lawyer concludes that any issue on appeal would be frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Loken has not responded to our invitation to comment on counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Loken could challenge the revocation of his supervised release. Loken's violation is a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), which gives the district court discretion to revoke supervised release or to modify the existing supervised release instead. *See* U.S.S.G. § 7B1.3(a)(2); *United States v. Salinas*, 365 F.3d 582, 585 n.1 (7th Cir. 2004). At the revocation hearing Loken had proposed that the court add more time to his supervised release or increase the monthly restitution payments rather than revoking supervised release. But the court justified revocation on grounds that Loken's purchase of two new cars was "outrageous behavior," as if he were "thumbing [his] nose at all of the people that lost so much money as a result of" his criminal behavior. These comments reflect an acceptable exercise of the court's discretion; any argument to the contrary would be frivolous.

Counsel next considers whether Loken could challenge his sentence. We would uphold his sentence unless it were plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). The policy statements in the guidelines recommend an imprisonment range of three to nine months for Loken's violation, *see* U.S.S.G. § 7B1.4(a), and the court imposed an imprisonment term of nine months. Among the factors listed in 18 U.S.C. § 3553(a), the court singled out the need to hold Loken accountable for his violations, to reflect the seriousness of his conduct, and to promote respect for the law. *See* 18 U.S.C. § 3583(e); *Salinas*, 365 F.3d at 588-89. Counsel correctly concludes that any challenge to Loken's sentence would be frivolous.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.