NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009
Decided March 31, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2964

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:02 CR 45 |
| ROBERT LEON, | |
| *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Robert Leon was sentenced to a total of seventy-two months' imprisonment and one year's supervised release after he pleaded guilty to using a telephone to distribute crack cocaine. *See* 21 U.S.C. § 843(b). He was released from prison in May 2007 but tested positive for cocaine four times while on supervised release. His probation officer petitioned for revocation, and after a hearing the district court revoked the term and ordered Leon to serve another twelve months' imprisonment. Leon appeals, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California* , 386 U.S. 738, 744 (1967). Leon has not accepted our invitation to respond to counsel's submission. *See* Cir. R. 51(b). We confine our review to the potential

issues outlined in counsel's *Anders* brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Leon admitted the violations at his revocation hearing, and the only conceivable ground for appeal identified by counsel is whether twelve months is too much time.  We will uphold a term of imprisonment imposed on revocation of supervision unless it is "plainly unreasonable," a very narrow standard.  *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007).  In selecting an appropriate prison term to follow revocation, the district court must consider the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a).  *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).  In this case, the court acknowledged that Leon's Grade B violation, *see* U.S.S.G. § 7B1.1(a)(2), combined with his criminal history category of III, yielded a guidelines range of eight to fourteen months' reimprisonment.  U.S.S.G. § 7B1.4(a).  The court then weighed the § 3553(a) factors, including the nature of the violations underlying the revocation, Leon's history and characteristics, and the need for adequate deterrence to this type of violation.  Thus, the court's consideration of the guidelines and statutory factors was adequate, and we agree with counsel that any challenge to Leon's term of reimprisonment would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.