**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1495

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 4:99CR40099-002-JPG |
| ANTWYN WILLIAMS, <br> *Defendant-Appellant.* | J. Phil Gilbert, <br> *Judge*. |

**O R D E R**

In March 2008, Antwyn Williams began serving a five-year term of supervised release after completing a prison term for a drug-conspiracy conviction. *See* 21 U.S.C. §§ 846, 841(a)(1). But in April, Williams violated the conditions of his supervised release by possessing marijuana, which he admitted at a revocation hearing. The district court modified the conditions of Williams's supervision to include six months at a halfway house and postponed disposition of the violation. At the disposition hearing in January 2009, the court revoked Williams's supervised release and imposed a five-year term of reimprisonment, based in part on new drug and alcohol violations, an unsuccessful termination from the halfway house, and a recent theft conviction in state court. Williams

filed a notice of appeal, but appointed counsel moves to withdraw because she cannot find a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Williams did not respond to our invitation to comment on his counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Williams could argue that the district court abused its discretion when it revoked his supervised release. But we would not deem the court's decision abusive because revocation was mandatory after Williams admitted to possessing marijuana, a controlled substance. *See* 18 U.S.C. § 3583(g)(1) (1994). The court did, however, err in citing Williams's three failed drug tests in June 2008 as another basis for mandatory revocation. *See* 18 U.S.C. § 3583(g)(4) (2006). In 1999, when Williams was part of the drug conspiracy, failing drug tests was not a basis for mandatory revocation. *See* 28 U.S.C. § 3583(g) (1994); *Johnson v. United States*, 529 U.S. 694, 701-02 (2000); *United States v. Smith*, 354 F.3d 171, 173 (2d Cir. 2003). But the error was harmless because possession of a controlled substance was still a cause for mandatory revocation. *See* 18 U.S.C. § 3853(g)(1) (1994).

Counsel also briefly considers whether there were any procedural irregularities in the revocation proceedings, but she correctly concludes that the district court complied with Federal Rule of Criminal Procedure 32.1. Williams was at all times represented by counsel, he received written notice of the alleged violations, and he was allowed to present evidence against the contested violations and make a statement in mitigation. *See* FED. R. CRIM. P. 32.1(b). Therefore, we agree that it would be frivolous for Williams to claim any procedural error.

Counsel next considers whether Williams could challenge his term of reimprisonment as plainly unreasonable, an extremely narrow standard of review. *See United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007). Although the Chapter 7 policy statements suggested a term of 12 to 18 months' reimprisonment, the district court imposed a term of five years—the maximum allowed by law for the underlying offense of conviction, a class A felony. *See* 18 U.S.C. § 3583(e)(3) (1994). In its written memorandum, the court explained that the higher term compensated for the substantial sentence reduction that Williams had received after assisting the government with another prosecution. *See* U.S.S.G. § 7B1.4 cmt. n.4. Additionally, the court found significant that Williams had completed substance-abuse treatment in prison, but then he used marijuana shortly after his release and continued to use drugs in June while the revocation petition was pending. The court also condemned Williams's use of alcohol while at the halfway house, concluding that Williams's "refusal to remain free of alcohol and illegal substances" made a five-year term appropriate. The court thoroughly considered the applicable policy statements and the

factors listed in 18 U.S.C. § 3553(a), *see United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008), and so we agree with counsel that a challenge to the term of reimprisonment would be frivolous.

Finally, counsel correctly notes that Williams should save any claim of ineffective assistance of counsel for collateral review where a more complete record can be developed and where Williams is not represented by the lawyer who represented him at the revocation hearing. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.