NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3782

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:97 CR 40060-002-JPG |
| KENTARO L. HAWKINS, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Kentaro Hawkins was sentenced to a total of 151 months' imprisonment and 3 years' supervised release after he pleaded guilty to two counts of possessing and distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). The prison term was later reduced after Hawkins's base offense level was lowered by a retroactive amendment to the guidelines, *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.11, and in March 2008 he was released from custody. In June 2009, however, Hawkins violated the conditions of his supervised release by, among other things, possessing and delivering marijuana on school grounds, which he admitted at a revocation hearing. The district court revoked Hawkins's supervised release and ordered him to serve another 24 months' imprisonment. Hawkins appeals, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Hawkins to respond to counsel's motion, but he did not. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially

adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has identified several grounds for appeal, but all are frivolous.  First, counsel questions whether Hawkins could argue that the district court abused its discretion by revoking his supervised release.  But revocation was mandatory after Hawkins admitted to possessing marijuana, a controlled substance.  *See* 18 U.S.C. § 3583(g)(1).

Counsel also briefly considers whether there were any procedural irregularities in the revocation proceedings but correctly concludes that the district court complied with Federal Rule of Criminal Procedure 32.1.  Hawkins was represented by counsel, received written notice of the alleged violations, and was allowed to make a statement in mitigation.  *See* FED. R. CRIM. P. 32.1(b).  We agree that it would be frivolous for Hawkins to claim any procedural error.

Next, counsel wonders whether Hawkins could challenge the length of the reimprisonment.  We will uphold a term of reimprisonment imposed on revocation of supervised release unless it is "plainly unreasonable."  *United States v. Kizeart*, 505 F.3d 672, 674-75 (7th Cir. 2007).  In selecting an appropriate prison term to follow revocation, district courts must consider the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a).  *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Pitre,* 504 F.3d 657, 664 (7th Cir. 2007).  Here, the court could not imprison Hawkins for more than two years.  *See* 18 U.S.C. § 3583(e)(3).  Hawkins had committed a Grade A violation, *see* U.S.S.G. § 7B1.1(a)(3), and the district court correctly calculated a guidelines reimprisonment range of 18 to 24 months.  (The district court announced the correct range but misspoke and said that Hawkins's criminal history category was II instead of III, which would have yielded a guidelines range of 15 to 21 months.  *See* U.S.S.G. § 7B1.4.  Counsel, who represented Hawkins at the revocation hearing, repeats the court's misstatement in her brief and, inexplicably, describes the range calculated by the court both as 12 to 18 months and 18 to 24 months.)  We agree that it would be frivolous to challenge this term as plainly unreasonable.  The term, which the district court deemed necessary in light of the nature of Hawkins's offense, is within the range of 18 to 24 months recommended by the policy statements in the guidelines, *see* U.S.S.G. § 7B1.4, and is within the statutory maximum, *see* 18 U.S.C. § 3583(e)(3).

Last, counsel considers whether Hawkins could argue that he received ineffective assistance of counsel during the revocation proceedings. Counsel correctly acknowledges, however, that a claim of ineffective assistance generally should be presented in a collateral action under 28 U.S.C. § 2255, especially where, as here, Hawkins's appellate counsel also represented him at his revocation  hearing. *See Massaro v. United States*, 538 U.S. 500, 504-05

(2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).  Moreover, during the revocation proceedings, Hawkins conceded that he violated the terms of his supervised release and did not offer any justification for doing so or any ground in mitigation.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.