NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010
Decided May 14, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3785

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:98-cr-40075-JPG-2 |
| FERNANDEZ M. WHITE, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Fernandez White seeks appellate review of a district court order revoking his supervised release. His appointed counsel moves to withdraw, unable to find a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Counsel identifies three potential issues in her brief, and Mr. White's response, *see* CIR. R. 51(b), identifies no others, so we address only the issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We conclude that both are frivolous.

In March 2008 Mr. White completed a prison term for two drug-conspiracy convictions and began serving a five-year term of supervised release. Two months later Mr.

White violated the terms of his supervised release, so the district court reimprisoned him for three days (time served) and imposed a new five-year term of supervision, the first six months of which were to be served in a re-entry facility. After only weeks at the facility, however, Mr. White left and did not return. When law enforcement officers caught up with him more than a year later, he gave them a false name. He was also in possession of marijuana.

The government petitioned to revoke Mr. White's supervised release, alleging that Mr. White committed multiple violations of the terms of his release: he illegally possessed marijuana; he obstructed justice by lying to police about his name; he failed to remain in the re-entry center; he failed to notify his probation officer about a change in address; and he failed to complete a substance-abuse program. Mr. White admitted these allegations at a revocation hearing in November 2009, and the district court revoked Mr. White's supervised release and imposed 36 months' reimprisonment to be followed by 12 months' supervised release.

In her *Anders* submission, counsel first considers whether Mr. White could argue that the district court abused its discretion when it revoked his supervised release. As counsel notes, however, this argument would be frivolous, for the district court had no discretion in the matter. After Mr. White admitted to possessing marijuana, a controlled substance, the court was required to revoke his supervised release and impose a sentence that included a term of imprisonment. 18 U.S.C. § 3583(g)(1); *United States v. Israel*, 317 F.3d 768, 769 (7th Cir. 2003).

Counsel next considers whether Mr. White could challenge his term of reimprisonment as unreasonable. But counsel correctly concludes that this argument, too, would be frivolous because the reimprisonment term was not "plainly unreasonable." *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). The court correctly determined that in light of Mr. White's prior drug convictions, his possession of marijuana was a Grade B violation. *See United States v. Trotter*, 270 F.3d 1150, 1151-52 (7th Cir. 2001). Coupled with his criminal history category of IV, the violation yielded a guideline range of 12 to 18 months and carried a statutory maximum of four years and 362 days. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. §§ 3559(a)(1), 3583(e)(3); U.S.S.G. § 7B1.4(a). The district court settled on 36 months, noting the severity of the offense and doubting that Mr. White, a drug addict who had once before violated his supervised release, was "supervisable." The district court's explanation demonstrates that it considered the applicable policy statements, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997).

Next, counsel considers whether Mr. White could identify any procedural errors in the revocation proceedings. But counsel correctly explains that any procedural challenge would be frivolous because the district court complied with Federal Rule of Criminal Procedure 32.1(b)(2). Mr. White received written notice of the alleged violations, was allowed to speak in mitigation of his conduct, and was at all times represented by counsel. Except for a short-lived request for new counsel, which Mr. White promptly withdrew, the proceedings carried on without any irregularities.

Finally, counsel correctly points out that Mr. White would be better off saving any claim of ineffective assistance of counsel for collateral review, where the record can be more fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-505 (2003); *United States v. Harris*, 394 F.3d 543, 557-558 (7th Cir. 2005).

Accordingly, we **GRANT** the motion to withdraw and **DISMISS** the appeal. In light of the foregoing, we also deny Mr. White's request for new counsel.