**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2010
Decided July 22, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-3114

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 94 CR 40024 |
| EDWARD L. BUCHANNAN, JR., <br> *Defendant-Appellant*. | J. Phil Gilbert, <br> *Judge*. |

**O R D E R**

This is a successive appeal. More than a decade ago, we affirmed Edward L. Buchannan Jr.'s convictions for distribution of, and conspiracy to distribute, crack cocaine (21 U.S.C. § 846), assaulting a federal officer (18 U.S.C. § 111) and robbery of federal funds (18 U.S.C. § 2112), but remanded for resentencing. *United States v. Buchannan*, 115 F.3d 445, 453 (7th Cir. 1997). In January 2008, Buchannan completed his prison term and began serving a term of supervised release. Soon thereafter, he violated the conditions of his release, and the district court admonished him at a noncompliance hearing. In February 2009, probation alleged further violations and, at a revocation hearing in March, Buchannan, through counsel, pleaded guilty to two charged violations of his supervised release including possession of controlled substances and failure to report for drug testing

or for substance abuse counseling. The district court found a factual basis for the allegations and accepted Buchannan's plea. The court, however, released him and continued the hearing for three months to allow Buchannan to demonstrate to the court that the term of reimprisonment imposed should reflect Buchannan's assurance that he had turned himself around. After further violations, the district court reconvened the hearing in August 2009. The district court revoked Buchannan's supervised release and imposed a term of reimprisonment of 36 months, an above-the-guidelines term, with a recommendation that he participate in the Residential Drug Abuse Program (RDAP) while incarcerated, followed by 12 months further supervised release.

Buchannan filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot identify any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Because Buchannan has not submitted a response to counsel's motion, *see* Cir. R. 51(b), we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his *Anders* submission, counsel first considers whether Buchannan could argue that the district court abused its discretion when it found he had violated the conditions of, and then revoked, his supervised release. As counsel notes, however, this argument would be frivolous, because the defendant admitted that he violated the conditions of his release. Buchannan did not move to withdraw his admissions before the district court and therefore counsel, and we, need not address whether his admissions were knowing and voluntary.

Counsel next considers whether Buchannan could challenge his terms of reimprisonment as unreasonable. Counsel correctly concludes that this argument, too, would be frivolous because the reimprisonment term was not "plainly unreasonable." *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). Buchannan agreed with the court that he committed a Grade B violation, that his original criminal history category was III, that his guidelines range was 8 to 14 months and that the district court could impose supervised release following revocation. U.S.S.G. § 7B1.4(a). The district court imposed a term of 36 months, noting Buchannan's inability to lead a fully law-abiding life, his history of violence, and his need for drug rehabilitation that could be provided by the RDAP program. In imposing a term of supervised release following the term of imprisonment, the district court considered Buchannan's promises that he had become a changed man and accorded him another opportunity to fulfill these promises under the supervision of the probation office and the court. The district court's explanation demonstrates that it considered the applicable policy statements, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004).

We therefore GRANT the motion to withdraw and DISMISS Buchannan's appeal.