**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010[*]
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2120

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 04 CR 40051 |
| ANTHONY T. GARRETT, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Anthony Garrett pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 63 months' imprisonment followed by 3 years' supervised release. He left prison in September 2009, but within a matter of weeks he began using illegal drugs. The district court revoked the term of supervision and ordered him to serve an additional 24 months in prison. Garrett appeals, but his

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

appointed counsel moves to withdraw because she cannot identify any nonfrivolous issues to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Garrett has not opposed counsel's motion. *See* Cir. R. 51(b). Confining our review to the arguments developed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant the motion to withdraw and dismiss Garrett's appeal.

At a revocation hearing in December 2009, Garrett admitted that he had violated the conditions of his supervised release. He confessed to using marijuana and opiates and acknowledged that he had tested positive for illegal drugs three times in three months. The district court attributed Garrett's struggle to the abrupt transition from prison; confident that he could overcome the odds against him, the court declined to revoke his supervised release and instead had him placed in a halfway house. But the court warned him that "if you mess up in the halfway house, you're going to jail."

Four months later, however, Garrett was discharged from the halfway house because he had committed "multiple violations." At a hearing in April 2010, he told the district court, through counsel, that he was having "some difficulties" with supervised release and was resigned to an additional term of imprisonment. The court ordered him to serve 24 months in prison.

Counsel first considers challenging the district court's decision to revoke Garrett's supervised release. But the record shows that Garrett admitted to using marijuana and opiates after knowingly and voluntarily waiving his right to contest the alleged violations. *See* Fed. R. Crim. P. 32.1; *United States v. LeBlanc*, 175 F.3d 511, 516-17 (7th Cir. 1999). Because Garrett's admission establishes that he ran afoul of the conditions of his supervised release, it would be frivolous to argue that the district court's decision to revoke the term of supervision was an abuse of discretion. *See* 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 948-49 (7th Cir. 2007).

Next counsel explores whether Garrett's term of 24 months' imprisonment is plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). But any such challenge would be frivolous because the district court employed the proper methodology to impose the term. *See United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008). The court first noted that, because Garrett had a criminal history category of VI and had committed Grade B violations of the conditions of his supervised release, the guidelines recommended a term of 21 to 27 months in prison. *See* U.S.S.G. § 7B1.4(a). And the court further noted that, because Garrett's underlying offense was a Class C felony, he faced a statutory maximum term of 24 months in prison. *See* 18 U.S.C.

§ 3583(e)(3).  Finally the court lamented that Garrett had not taken advantage of his time in the halfway house and was "doing life imprisonment on the installment plan"; although he had "some ability," the court told him, "you need to put it to good use and stay away from people that get you in trouble."  *See id.* § 3553(a)(1) (requiring court to consider "history and characteristics of the defendant"); *id.* § 3553(a)(2)(A) (requiring court to consider need "to promote respect for the law"); *id.* § 3553(a)(2)(B) (requiring court to consider need "to afford adequate deterrence to criminal conduct"); *id.* § 3553(a)(3) (requiring court to consider "the kinds of sentences available").

Counsel also considers discussing whether Garrett received effective assistance of counsel.  But counsel is correct to conclude that a claim of ineffective assistance is best pursued on collateral review, where a more robust record can be developed.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS Garrett's appeal.