NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2013
Decided April 25, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3314

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 94-40009-001 |
| ELLIS J. LARD, *Defendant-Appellant.* | Sara Darrow, *Judge.* |

**O R D E R**

In 1994 Ellis Lard pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and was sentenced under the Armed Career Criminal Act to 210 months' imprisonment and five years' supervised release. After his release in 2010, he was arrested for selling cocaine; the district court revoked his supervised release and ordered Lard reimprisoned for five years, the statutory maximum. *Id*. § 3583(e)(3). He filed a notice of appeal, but his newly appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lard has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers whether Lard could challenge his reimprisonment term as substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 46 (2007). We agree with counsel that any such challenge would be frivolous. The district court's decision is subject to "the narrowest judicial review of judgments we know," *see United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007), and we presume that Lard's term is reasonable because it falls within the range suggested by the sentencing commission's policy statement on revocation (51 to 60 months based on a Grade A violation that occurred while on release for a Class A felony, a criminal-history category of VI, capped by a five-year statutory maximum.) *See* U.S.S.G. § 7B1.4; *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011). Counsel has not identified any ground to rebut the presumption that this term is reasonable.

Counsel next considers whether Lard could challenge the adequacy of the district court's explanation in rejecting his argument at sentencing that his cognitive deficiencies—he has a relatively low I.Q score—mitigate the seriousness of his crimes. But an appeal on this ground would also be frivolous. The court in fact acknowledged Lard's "functioning issues as [they] relate to . . . mental health as well as . . . educational and mental abilities," and found that "despite your apparent low functioning, you have a high propensity to commit crimes; and I have to balance your need for rehabilitation with the public's need to be protected from future crimes by you." The court also observed that Lard's prior imprisonment had done little to deter him from lawbreaking—he committed his drug offenses mere months after being released. This explanation is more than sufficient for purposes of satisfying the factors set forth in 18 U.S.C. § 3553(a), as incorporated by § 3583(e). *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.