NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2014
Decided February 24, 2014

Before

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-2952 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JON HECKMAN, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 06-CR-032-WMC-01 <br> William M. Conley, *Chief Judge.* |

**Order**

While on supervised release for a bank-robbery conviction, Jon Heckman repeatedly tested positive for marijuana. He also was convicted in state court of misdemeanor theft. The district court revoked his release, ordered him to serve one day's imprisonment, and added six months to his period of supervision. Three failed drug tests later, the court revoked his release again, this time sending Heckman to prison for 11 months, to be followed by another six months of supervision.

Heckman appealed. His newly appointed lawyer believes that the appeal is frivolous and seeks leave to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). We invit-

ed Heckman to respond, see Circuit Rule 51(b), but he did not. We therefore limit our review to the issues discussed in counsel's submission, which in the absence of any reason to think Heckman dissatisfied appears to cover the bases. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Heckman could argue that the court abused its discretion by revoking his supervised release. Like counsel, we conclude that such an argument would be frivolous. Heckman failed seven drug tests in less than a year (he does not deny that tests detected drug metabolites), so revocation was mandatory. 18 U.S.C. §3583(g)(4).

The other potential question is whether a plausible challenge could be mounted to the district court's choice of sanction—which may be set aside only if "plainly unreasonable." See *United States v. Kizeart*, 505 F.3d 672, 674–75 (7th Cir. 2007). We agree with counsel's conclusion that any appellate argument would be frivolous. The statute authorizes two years in prison, see §3583(e)(3) (maximum for persons convicted of Class C felonies, of which bank robbery is one), and the district court explained that a return to prison was necessary to hold Heckman accountable for his repeated violations, while the extra six months following release would help ensure that he avoids drugs. See 18 U.S.C. §3553(a)(2)(A), (B).

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.