NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017
Decided January 11, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3030

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:96-CR-30087-SMY-10 |
| YAMANGO JILES, <br> *Defendant-Appellant*. | Staci M. Yandle, <br> *Judge*. |

**O R D E R**

In 1997 a jury found Yamango Jiles guilty of conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1). Jiles was sentenced to 282 months' imprisonment and 5 years' supervised release. Four and a half years after he was released from prison, the government sought revocation of his supervised release. The government alleged that Jiles had possessed marijuana and cocaine, failed to pay child support, skipped drug-abuse treatment, changed residences without telling his probation officer, and failed to report to the probation officer as directed. *See* 18 U.S.C. § 3583(e), (g). At a hearing on the government's motion, Jiles admitted the allegations. The district court revoked his supervised release and imposed a prison term of 10 months. Jiles filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel unless he challenges the appropriateness of revocation or asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171–72 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Jiles did not do either, so the *Anders* safeguards do not govern our review of counsel's motion to withdraw. *See Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *Eskridge*, 445 F.3d at 933. That said, we invited Jiles to comment on counsel's submission, *see* CIR. R. 51(b), but he did not. We evaluate counsel's submission to assure that any potential issues have been vetted. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and considers issues that an appeal of this kind might be expected to involve. The analysis appears thorough, so we focus our review on the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first assesses whether Jiles could argue that the district court abused its discretion in revoking his supervised release. We agree with counsel that a challenge to the revocation would be frivolous because Jiles admitted the alleged violations and does not seek to retract those admissions. And since he admitted possessing controlled substances, revocation of his supervised release was mandated by statute. *See* 18 U.S.C. § 3583(g)(1); *United States v. Jones*, 774 F.3d 399, 403–04 (7th Cir. 2014).

Counsel next questions whether Jiles could challenge the calculation of his reimprisonment range. The probation officer applied the Chapter 7 policy statements to calculate a range of 4 to 10 months using Jiles's original criminal history category of I and his drug possession—at Grade B, the most-serious violation of his conditions of release. *See* U.S.S.G. §§ 7B1.1(b), 7B1.4. The district court accepted that calculation without objection from Jiles, thus limiting our review to plain error. *See Wheeler*, 814 F.3d at 857; *United States v. Pitre*, 504 F.3d 657, 661 (7th Cir. 2007). We cannot find any fault with the calculated range, making any claim of error frivolous.

Counsel also discusses, but rightly rejects as frivolous, an argument that the new term of imprisonment is unlawful or unreasonable. The term imposed is within the policy-statement range and less than the statutory maximum (which is 5 years because Jiles's drug conspiracy was a Class A felony when he committed that offense). *See* 18 U.S.C. §§ 3559(a)(1), 3583(b)(1), (e)(3). The district court took into account the factors in § 3583(e) and § 3553(a), including Jiles's repeated and escalating

noncompliance with the terms of his supervision and the need to promote respect for the law. Jiles had argued in mitigation that a short prison term would enable him to seek drug and mental-health treatment. But the court was unpersuaded by that argument because Jiles had not taken advantage of the substance-abuse resources the court discussed with him a year earlier when denying his motion to terminate supervised release early. We would not find the new term of imprisonment to be plainly unreasonable. *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007) (noting that term of reimprisonment imposed on revocation of supervised release will be upheld unless plainly unreasonable).

Last, counsel discusses whether Jiles could claim that his lawyer's representation during the revocation proceedings was constitutionally deficient. As explained above, Jiles admitted the violations and did not present substantial grounds in mitigation. Thus, he did not have a constitutional right to counsel in the revocation proceedings. *See Gagnon*, 411 U.S. at 790–91; *Eskridge*, 445 F.3d at 932–33. More importantly, a claim of ineffective assistance must start with a specific allegation of deficient performance, *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010), yet in her submission counsel does not say on what basis Jiles might argue that her performance was substandard. And if Jiles does have reason to criticize counsel's performance, any claim must wait for collateral review when he can develop the record and is not represented by the very lawyer whose performance is questioned. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.